IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS HAWKINS,<br><br>                Petitioner,<br><br>    v.<br><br>TABER,<br><br>                Respondent. | **1:14-cv-00871 MJS HC**<br><br>**ORDER REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**(Doc. 15)** |

Petitioner is a state prisoner proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Galen Farris, of the Office of the Attorney General for the State of California. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 13, 17.)

**I.    BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and challenges a conviction by the Stanislaus County Superior Court of two counts of residential robbery. (Lodged Doc. 2.) On December 1, 2011, Petitioner was sentenced to sixteen years and eight months in state prison. (Clerk's Tr. at 188-89.)

Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District. Following briefing by the parties, the court affirmed the judgment.

1

(Lodged Docs. 1-4.) Petitioner did not file a Petition for Review with the California Supreme Court.

Petitioner filed two Petitions for Writs of Habeas Corpus in Stanislaus County Superior Court, one while he was in custody awaiting trial, and the other following his conviction. The court denied both petitions in reasoned decisions. (Lodged Docs. 5, 6.) Petitioner subsequently filed a Petition for Writ of Habeas Corpus in the California Court of Appeal, Fifth Appellate District, which the court denied in a reasoned decision. (Lodged Doc. 7.) Petitioner has not filed a Petition for Writ of Habeas Corpus in the California Supreme Court.

On June 2, 2014, Petitioner filed the instant petition for writ of habeas corpus in this Court. (See Pet., ECF No. 1.) On August 8, 2014, Respondent filed a motion to dismiss for failure to exhaust state court remedies. (Mot. To Dismiss.) Over thirty days have passed, and Petitioner has not filed a response to the petition. The motion to dismiss stands ready for adjudication.

**II.    DISCUSSION**

    **A.    Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

### B.     Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.

The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be

decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is. Lyons, 232 F.3d at 668-669 (italics added).

As described above, review of the state court pleadings shows Petitioner has not presented any claims to the California Supreme Court. Accordingly, it is not possible that Petitioner has exhausted his claims.

If this were a mixed petition containing both exhausted and unexhausted claims, the Court would dismiss without prejudice to give Petitioner an opportunity to exhaust the unexhausted claim. See Rose, 455 U.S. at 521-22; Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005). "[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking their unexhausted claims." Jefferson, 419 F.3d at 1016. However, the instant petition is not a mixed petition. It contains only unexhausted claims. Accordingly, Petitioner is not entitled to a stay or the opportunity to amend. The Court must dismiss the petition. See Coleman, 501 U.S. at 731.

### III. **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's Motion to Dismiss is GRANTED and the petition for writ of habeas corpus is DISMISSED without prejudice for failure to exhaust state remedies;[1] and

2. The Court DECLINES to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right;

---

[1] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244(b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996).

1  and (2) that jurists of reason would find it debatable whether the district
2  court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473,
3  484 (2000).  In the present case, jurists of reason would not find debatable
4  whether the petition was properly dismissed. Petitioner has not made the
5  required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated:   September 29, 2014            /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE